IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| CHARLES RAY DEVER JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 4:18-CV-375-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner, Charles Ray Dever Jr., a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the petition and relief sought by petitioner, the court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

### I. FACTUAL AND PROCEDURAL HISTORY

By way of this petition, petitioner challenges his 2005 state-court conviction and 13-year sentence in Tarrant County, Texas, Case No. 0929958D, for aggravated sexual assault of a child under 14 years of age. (Pet. 2, doc. 1.) Over a decade after his 2005 conviction, in 2016, petitioner was civilly committed as a sexually violent predator under Chapter 841 of the

Texas Health and Safety Code.[1] (Resp't's Preliminary Answer 4, doc. 17; Pet'r's Reply, Ex. A.) Presumably, his 2005 conviction was relevant to his civil-commitment proceedings. On May 18, 2017, petitioner's 13-year sentence for his 2005 conviction was fully discharged. (Resp't's Preliminary Answer Ex. A at 3, doc. 17.) Petitioner filed this federal petition on May 14, 2018.[2] Respondent asserts that the petition should be dismissed for lack of subject matter jurisdiction because petitioner is no longer "in custody" on the underlying conviction. (Resp't's Preliminary Answer 1, doc. 17.)

## II. SUBJECT MATTER JURISDICTION

Generally, for this court to have subject matter jurisdiction over a claim(s) under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction and sentence the subject of the proceeding.[3] *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to

---

[1] Texas's sexually-violent-predator statute allows for the civil commitment of a person who is a "repeat sexually violent offender" who "suffers from a behavior abnormality that makes the person likely to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE ANN. § 841.003 (West 2017).

[2] A federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[3] To the extent petitioner attempts to re-characterize the petition as a § 2241 petition, § 2254 is his exclusive remedy. A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition.

2

entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng,* 490 U.S. at 490-91.

Petitioner's 13-year sentence for the underlying conviction was fully discharged on May 18, 2017; thus, he was not "in custody" on the conviction at the time he filed this federal petition on May 14, 2018.

Nevertheless, petitioner argues that his 2016 civil commitment was a collateral consequence of the 2005 conviction and, therefore, he suffers a "continuing injury" as a result of the conviction. (Pet'r's Reply 1, doc. 18.) However, collateral consequences of a conviction are not themselves sufficient to render a petitioner "in custody" for purposes of a habeas attack upon it. *Id.* at 492; *Stanbridge v. Scott,* 792 F.3d 715, 717 (7th Cir. 2015), *distinguished by Rubio v. Davis,* 907 F.3d 860, 862 (5th Cir. 2018). Petitioner also argues that he was "in custody" under a detainer placed on him by Anderson County, Texas, at the time the petition was filed. *See Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484 (1973). However, petitioner does not challenge his 2017 Anderson County convictions for assault on a public servant upon which the detainer rested and he had already begun serving his sentences for the 2017 convictions when the petition was filed. (Resp't's Preliminary Answer, Ex. A at 3.)

Because petitioner fails to demonstrate that was "in

3

custody" under the 2005 conviction and sentence when this petition was filed, he may not now challenge the conviction directly in a § 2254 petition.

For the reasons discussed herein,

The court ORDERS that the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice for lack of subject matter jurisdiction. The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED April 22, 2019.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE